UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 15-200 |
| REGINALD WASHINGTON | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 411)** filed by Defendant Reginald Washington, and an opposition (Rec. Doc. 413) filed by the Government. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 23, 2016, Washington pleaded guilty to a conspiracy to distribute 100 grams or more of heroin, as charged under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. (Rec. Doc. 159). On October 13, 2016, the Court sentenced Washington to the mandatory minimum sentence of 120 months along with eight years of supervised release. (Rec. Doc. 219). He is presently serving his sentence at FCI Beaumont Medium ("BMM") in Texas, with an anticipated release date of April 27, 2024, although he will be eligible for home detention on October 27, 2023. (Rec. Doc. 413-1, at 1-2).

1

Washington filed the instant motion seeking compassionate release based upon his alleged medical conditions including obesity, shortness of breath, and the use of a CPAP machine which, he contends, places him at an increased risk for severe illness from COVID-19. (Rec. Doc. 411, at 5).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id*. Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted her administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id*. Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling"

captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Washington asserts, and the Government does not dispute that Washington has exhausted all administrative requirements to seek compassionate release. (Rec. Docs. 411, at 3 and 413, at 5). Therefore, the Court will now turn to the merits of Washington's motion.

In order to show he is eligible for compassionate release, Washington must demonstrate that there are extraordinary and compelling reasons that warrant a sentence reduction. "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, though, provided four categories of

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

extraordinary and compelling reasons in the commentary to its only corresponding policy statement: (A) medical conditions; (B) age; (C) family circumstances; and (D) other reasons as determined by the Director for the BOP. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D) (U.S. SENT'G COMM'N 2021). Although not dispositive, the commentary to the Sentencing Guidelines provides that a medical condition is sufficiently serious to warrant release "where the defendant either has a terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *Thompson*, 984 F.3d at 433 (internal quotation omitted).

Washington argues that he presents extraordinary and compelling reasons to grant his compassionate release because the combination of his obesity, breathing issues, and use of a CPAP machine put him at an increased risk for illness from COVID-19. (Rec. Doc. 411, at 5). In opposition, the Government argues, and his medical records reflect that Washington does not have any diagnosed respiratory issues beyond sleep apnea, and further that obesity and sleep apnea are merely commonplace maladies that do not qualify as compelling and extraordinary. (Rec. Doc. 413, at 12). Furthermore, the Government argues that Washington has received two doses of the Pfizer COVID-19 vaccine and is therefore adequately protected from the risk of serious COVID-19 infection. *Id.* at 13-14.

As the Government correctly points out, the Fifth Circuit has held that common ailments and any resulting fear of COVID-19 are not extraordinary or

compelling reasons sufficient to justify compassionate release. *See Thompson*, 984 F.3d, at 433-34. The Fifth Circuit stated that "nearly half of the adult population in the United States suffers from hypertension," and thus, any increased risk of COVID-19 because of this condition cannot be said to be terminal. *Id.* at 434. Like hypertension, obesity is a very common condition, and therefore cannot be considered extraordinary. (Rec. Doc. 413, at 10). Additionally, other sections of this Court have held that obesity, sleep apnea, and other similar common conditions are not enough on their own to warrant compassionate release. *See United States v. Pendleton*, No. 16-41, 2021 WL 3077365, at *1 (E.D. La. July 21, 2021) (quoting *United States v. Mondragon*, No. 4:18-CR-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021)) (Milazzo, J.) (finding that "such commonplace maladies (obesity, hypertension, and diabetes) do not make [Defendant's] case 'extraordinary.'"). *See also United States v. Morgan,* No. 93-491, 2020 WL 5209309, at *5 (E.D. La. Sept. 1, 2020) (Africk, J.) (finding that sleep apnea does not increase the risk of a fatal COVID-19 infection and is therefore not a ground for compassionate release). Furthermore, Washington also does not allege that his ailments affect his ability to provide self-care, and in fact, his medical records do not indicate that he is limited in any way in carrying out his daily activities. *See* (Rec. Doc. 413-1, sealed). Washington's commonplace conditions do not elevate his risk of severe illness to the level of extraordinary and compelling reasons to grant compassionate release.

Even if Washington's conditions were severe enough to justify release, this Court finds that he has failed to demonstrate that he is not a danger to the community. Washington has been convicted in the past for carnal knowledge of a juvenile as well as a multitude of drug related offenses. (Rec. Doc. 204, at 20-24). He was deemed to have a criminal history category of IV. *Id.* at 23. Furthermore, Washington has a history of failing to comply with the conditions of his supervised release. *Id.* at 21-23. In 2009 and in 2013, Washington was rearrested while on probation for drug-related crimes because he was found to be in possession of still more illegal drugs, and in 2003, Washington was arrested for failing to register as a sex offender. *Id.* Washington's historical lack of compliance upon release demonstrates that he is not a candidate for compassionate release, and this Court finds that he has failed to show that he is not a danger to society. However, regardless of Washington's potential danger to the community upon release, his obesity and sleep apnea do not constitute extraordinary and compelling reasons for compassionate release.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Reginald Washington's *Motion for Compassionate Release* **(Rec. Doc. 411)** is **DENIED.**

New Orleans, Louisiana, this 28th day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE